UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES P. LANCE, | ) | CASE NO.:   5:19CV01888 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff James P. Lance's ("Lance") objection to the Magistrate Judge's Report and Recommendation ("R. & R."), which recommended that the Commissioner of Social Security's ("Commissioner") denial of Lance's application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, be affirmed. (R. & R. 1, ECF No. 15.)

For the following reasons, Lance's objection to the Magistrate Judge's R. & R. is overruled. Therefore, the Magistrate Judge's R. & R. is adopted in full, and the final decision of the Commissioner denying Lance's application for DIB is AFFIRMED.

**I.   BACKGROUND**

As a brief procedural background, on November 15, 2012, Lance filed an application for DIB, with an alleged onset date of disability of July 30, 2010. (Tr. 91-92, 102, 196, ECF No. 10.) In his application, Lance claimed disability due to "diabetic, hip injury, labera tear r hip, plantar fibromatosi; diabetic; hip injury laberal tear R hip; both hips problems; plantar fibromatosis both feet; chronic pain; arches well and has had lumps removed." (*Id.* at 91, 259 (all errors in original).) On May 23, 2013, Lance was informed his application was denied. (*Id.* at 91-102, 131-133.)

Lance's application was again denied upon reconsideration on November 20, 2013. (*Id.* at 103-115.) Thereafter, on December 26, 2013, Lance requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 135-137.)

On May 6, 2015, ALJ Christine Hilleren ("ALJ Hilleren") held an administrative hearing, at which Lance appeared and testified. (*Id.* at 38-88.) On August 12, 2015, ALJ Hilleren issued a written decision finding Lance not disabled pursuant to the definitions and requirements of the Social Security Act. (*Id.* at 19-37, 721-739.) Lance requested a review of ALJ Hilleren's decision by the Appeals Counsel on October 6, 2015. (*Id.* at 16.) On February 21, 2017, the Appeals Counsel declined to review ALJ Hilleren's decision, rendering it final. (*Id.* at 8-11, 740-743.) Lance ultimately filed a complaint requesting judicial review of ALJ Hilleren's decision, in which the court ordered Lance's case remanded for further proceedings because ALJ Hilleren's determination of Lance's residual functional capacity was "not supported by substantial evidence due to the failure to properly consider certain treating source opinion evidence . . .." (*Id.* at 744-781.)

Thereafter, on March 27, 2019, ALJ Amanda Knapp ("ALJ Knapp") held an administrative hearing, at which Lance appeared and testified. (*Id.* at 670-720.) On June 5, 2019, ALJ Knapp issued a written decision finding Lance not disabled pursuant to the definitions and requirements of the Social Security Act – a decision supported by ALJ Knapp's conclusion that Lance was able to frequently lift or carry less than ten pounds. (*Id.* at 646-669.) The following brief factual recitation focuses on this narrow conclusion regarding Lance's ability to lift or carry, and any other facts included in the Magistrate Judge's R. & R. are not reiterated herein as Lance provided no objection regarding their accuracy.

In her decision, ALJ Knapp concluded that Lance "had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: . . . He can occasionally lift or carry up to 20 pounds, occasionally lift or carry up to 10 pounds, and frequently lift or carry less than 10 pounds.. . ." (*Id.* at 654.) In reaching this conclusion, ALJ Knapp specified that she considered the opinions of Lance's treating physician, Dr. Dominic, and assigned "partial weight to Dr. Dominic's opinion for a reduced range of sedentary work, giving strong weight to some limitations and little weight to others." (*Id.* at 658.) With respect to Lance's ability to lift and carry specifically, ALJ Knapp concluded:

> Strong weight is also given to Dr. Dominic's opinion that the claimant could lift or carry up to 10 pounds <u>and</u> up to 20 pounds on an <u>occasional</u> basis. She did not make any findings as to what weight, if any, claimant could lift or carry on a <u>frequent</u> basis. While it has been argued that the lack of a specific finding to this effect is equivalent to a finding that claimant could not lift <u>any</u> weight on a frequent basis, such a finding is not consistent with the opinion given, and is inconsistent with the medical records (with generally normal upper extremity exams) and claimant's own statements regarding activities of daily living that included caring for two small children and a terminally ill spouse, shopping, doing laundry, and cooking. Instead, the medical records and testimony support a finding that the claimant was capable of lifting or carrying less than 10 pounds on a frequent basis, as is generally provided in jobs of sedentary exertion.

(*Id.* at 658-59.) After a thorough summary and discussion of all evidence before her, including Dr. Dominic's statements that Lance could perform sedentary jobs despite his ongoing foot and hip pain, and Lance's own statements that his daily living activities included cooking, cleaning, caring for his young children, and assisting his ill wife, ALJ Knapp explained that when analyzing the record in the light most favorable to Lance, the evidence supports limitations to Lance's ability to walk and stand but does not support additional limitations to Lance's ability to use his upper extremities for tasks, including those that involve lifting or carrying. (*Id.* at 654-659.) Accordingly,

ALJ Knapp's conclusion regarding Lance's ability to lift and carry, in conjunction with a full analysis of the record before her, resulted in the determination that Lance's residual functional capacity allowed for him to perform sedentary work, and, therefore, Lance was not disabled pursuant to the definitions and requirements of the Social Security Act. (*Id.* at 661.)

On August 20, 2019, Lance filed the instant matter requesting judicial review of ALJ Knapp's decision. (Compl. 1-2, ECF No. 1.) As this Court has jurisdiction to review the final determination of the Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the matter was automatically referred to a United States Magistrate Judge for a Report and Recommendation consistent with Local rule 72.2(b)(1). (*See* Docket Entry 8/21/2019.)

Through briefing submitted to the Magistrate Judge, Lance argued that ALJ Knapp erred by failing to properly evaluate Dr. Dominic's opinion when determining Lance's non-disabled status. (*See generally* Pl.'s Br., ECF No. 11.) On May 7, 2020, after briefing for this matter was completed, the Magistrate Judge issued his R. & R. recommending that the Commissioner's final decision denying Lance's application for DIB be affirmed. (R. & R. 1, ECF No. 15.)

Lance timely filed his objection to the R. & R. on May 21, 2020, to which the Commissioner responded on May 22, 2020. (Obj. to R. & R., ECF No. 16; Resp. to Obj. to R. & R., ECF No. 17.) Lance's sole objection to the R. & R. is, once again, that ALJ Knapp erred by failing to properly evaluate the opinion of Dr. Dominic in concluding that Lance is not disabled pursuant to the definitions and requirements of the Social Security Act. (Obj. to R. & R. 2-6, ECF No. 16.)

## II. STANDARD OF REVIEW

When written objections to a Magistrate Judge's R. & R. are timely submitted, this Court must review *de novo* those portions of the R. & R. specifically objected to. 28 U.S.C. § 636(b)(1). A general objection to the entirety of the Magistrate Judge's R. & R. is not sufficient to trigger review

by this Court. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections to the Magistrate Judge's R. & R. are necessary in order to focus this Court's attention to specific issues for review. *Id.* Accordingly, Lance's specific objection appears to be that the Magistrate Judge erred in agreeing with ALJ Knapp's determination of Lance's residual functional capacity to perform sedentary work – a determination supported by ALJ Knapp's assignment of partial weight to Dr. Dominic's opinions. (Obj. to R. & R. 3-7, ECF No. 16.) Lance specifically argues that ALJ Knapp's conclusion that Lance could frequently lift or carry less than ten pounds directly contradicts Dr. Dominic's opinions regarding Lance's limitations with respect to lifting or carrying, and, in fact, substitutes ALJ Knapp's own reasoning for that of Dr. Dominic's since ALJ Knapp assigned strong weight to Dr. Dominic's opinion regarding Lance's lifting and carrying abilities. (*Id.*)

Given this objection, this Court must determine whether ALJ Knapp's determination of Lance's residual functional capacity to perform sedentary work, which necessarily relied upon assigning partial weight to Dr. Dominic's opinions regarding Lance's physical limitations: 1) is supported by substantial evidence contained in the record, considered as a whole; and 2) was made utilizing the proper legal standards. *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522-23 (6th Cir. 2003). *See also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)). It is "more than a scintilla of evidence, but less than a preponderance." *Rogers*, 486 F.3d at 241

(quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal quotation marks omitted)).

Determining whether substantial evidence supports ALJ Knapp's decision must be made by examining the record as a whole. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992) (citing *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). So long as substantial evidence contained in the record supports ALJ Knapp's decision, the decision must be affirmed even if this Court would decide the matter differently or even if substantial evidence contained in the record could also support the opposite decision. *Cutlip*, 25 F.3d at 286 (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984) (internal quotation marks omitted)).

This Court must also consider whether the proper legal standards were utilized by ALJ Knapp in reaching her decision. *Queen City Home Health Care Co.*, 978 F.2d at 243. *See also Cutlip*, 25 F.3d at 286 (citing *Richardson*, 402 U.S. at 401); *Bartyzel*, 74 F. App'x at 522-23; *Ealy*, 594 F.3d at 512 (citing *Rogers*, 486 F.3d at 241). A failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error

prejudices a claimant on the merits or deprives the claimant of a substantial right.") (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. LEGAL ANALYSIS

In his R. & R., the Magistrate Judge found that ALJ Knapp's decision to apply partial weight, instead of controlling weight, to Dr. Dominic's opinion was supported by substantial evidence contained in the record and was made utilizing the proper legal standards. (R. & R. 12-16, ECF No. 15.) Lance objects to these findings, arguing that, despite assigning strong weight to Dr. Dominic's opinion that Lance can lift or carry up to ten pounds occasionally, ALJ Knapp's conclusion that Lance can frequently lift or carry less than ten pounds improperly interprets Dr. Dominic's opinion. (Obj. to R. & R. 2-7, ECF No. 16.)

The rules and regulations of the Social Security Administration address and explain the exercise in which an ALJ must engage when considering medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927 (2017).[1] *See also* Soc. Sec. Ruling 96-2p, 1996 SSR LEXIS 9 (July 2, 1996).[2] Accordingly, the medical opinion of a treating source[3] must be given "controlling weight" if: "(1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2) (internal quotation marks and alterations to original omitted)). Consequently, an ALJ is not required to give "controlling weight" deference to a treating source's medical opinion

---

[1] As Lance's application for DIB was filed prior to March 27, 2017, these are the appropriate sections for application and analysis.

[2] Social Security Ruling 96-2p was rescinded March 27, 2017. However, because Lance's application for DIB was filed prior to March 27, 2017, this is the appropriate ruling for application and analysis.

[3] Because there is no objection, this Court considers Dr. Dominic to be a treating source pursuant to social security regulations. 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2) (2017).

if there is substantial evidence contrary to the opinion. *See Smith v. Comm'r of Soc. Sec.*, 482, F.3d 873, 877 (6th Cir. 2007).

An ALJ is also not required to give the opinion of a treating source "controlling weight" when a treating source's own treatment records contradict her medical opinion. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) (explaining that the ALJ did not err by not adopting the opinion of a treating source that plaintiff was disabled because evidence contained the treating source's own reports did not support that position); *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112-13 (6th Cir. 2010) (noting that an ALJ's rejection of a treating source's opinion is proper when the opinion is not supported by objective evidence in the record, including the treating source's own notes); *Leeman v. Comm'r of Soc. Sec.*, 449 F. App'x 496, 497 (6th Cir. 2011) (stating "ALJs may discount treating-physician opinions that are inconsistent with substantial evidence in the record, like the physician's own treatment notes"); *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 549-50 (6th Cir. 2014) (finding that the ALJ properly rejected a treating source opinion that plaintiff could no longer work as his treatment notes directly undermined his opinion).

When assigning a treating source opinion less than "controlling weight," an ALJ "must apply certain factors – namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source – in determining what weight to give the opinion." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). *See also* 20 C.F.R. §§ 404.1527(c)(1)-(6); 416.927(c)(1)-(6) (2017).

Finally, in support of the weight assigned to a treating source opinion, if less than "controlling weight," an "ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the

adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting Soc. Sec. Ruling 96-2p, 1996 SSR LEXIS 9, at *12 (July 2, 1996)).

### A. ALJ Knapp's Assignment of Partial Weight to Dr. Dominic's Medical Opinion is Supported by the Substantial Evidence of the Record in its Entirety and Was Made Utilizing Proper Legal Standards.

Dr. Dominic began seeing Lance, as a new patient, for hip pain and diabetes in June 2012. (Tr. 637-45, ECF No. 10.) Dr. Dominic's treatment notes, from June 2012 through March 2015, focus primarily on Lance's hip pain, foot pain, and diabetes. (*Id.* at 596-645.) Additionally, according to progress notes from October 2014, Dr. Dominic discussed with Lance his ability to perform sedentary jobs, specifically because of his foot and hip pain. (*Id.* at 605.)

Thereafter, on April 2, 2015, Dr. Dominic submitted her Medical Source Statement regarding Lance's ability to perform work related activities. (*Id.* at 536-43.) In her opinion, Dr. Dominic submitted that Lance is able to occasionally lift up to twenty pounds, by indicating that Lance is able to occasionally lift up to ten pounds and occasionally lift between eleven and twenty pounds. (*Id.* at 537.) Dr. Dominic also submitted that Lance is never able to lift between fifty-one and one-hundred pounds. (*Id.*) With respect to carrying, Dr. Dominic submitted that Lance is able to occasionally carry up to twenty pounds, by indicating that Lance is able to occasionally carry up to ten pounds and occasionally carry between eleven and twenty pounds. (*Id.*) Dr. Dominic also submitted that Lance is never able to carry between twenty-one and one-hundred pounds. (*Id.*) Notably, Dr. Dominic did not indicate any weight Lance is able to frequently lift or frequently carry.

In the hand-written notes of her Medical Source Statement, Dr. Dominic explained that a tear in Lance's hip limits his ability to bend and lift while diabetic peripheral neuropathy and lesions

on the plantar surface of Lance's feet limits Lance's ability to carry. (*Id.*) However, despite failing to indicate any weight Lance could lift or carry frequently, Dr. Dominic provided that Lance could carry small objects with his free hand if using a cane. (*Id.* at 538.) In addition, when providing an opinion regarding Lance's ability to use his hands, Dr. Dominic wrote: "At this time there are minimal restrictions to his ability to use and manipulate his upper extremities." (*Id.* at 539.) Dr. Dominic included that Lance experiences diabetic peripheral neuropathy, which will likely progress to his hands, but at the time of her medical statement, she concluded that Lance was able to reach, handle, finger, and feel with his hands frequently. (*Id.*)

In analyzing Dr. Dominic's medical opinion as a whole, ALJ Knapp assigned partial weight, rather than controlling weight. Specifically, ALJ Knapp acknowledged that Dr. Dominic discussed with Lance his ability to perform sedentary jobs due to his foot and hip pain, and that Dr. Dominic opined that Lance's hip issues limited his ability to lift while peripheral neuropathy and lesions on his feet limited Lance's ability to carry. (*Id.* at 657-658.) Despite these opinions, ALJ Knapp pointed out that Dr. Dominic opined that Lance could carry small objects. (*Id.* at 658.) ALJ Knapp also discussed that despite Lance's ability to walk and stand in order to accomplish daily living activities, such as cooking, cleaning, and caring for his children, Lance's medical records did support some limitations to walking and standing. (*Id.*) However, with respect to lifting and carrying, ALJ Knapp concluded that Dr. Dominic's opinions were mostly, but not completely, consistent with the medical records and Lance's own statements – resulting in ALJ Knapp assigning strong, but not controlling weight to Dr. Dominic's opinions regarding Lance's abilities to lift and carry. (*Id.* at 658-59.)

Consistent with legal requirements, ALJ Knapp provided good reasons for discounting Dr. Dominic's medical opinion regarding Lance's ability to lift and carry. (*Id.*) Notably, ALJ Knapp

found that Lance's medical records indicate normal upper extremity exams and Lance's own statements regarding his ability to shop, do laundry, cook, and care for small children do not support the conclusion that Lance is unable to lift or carry any amount of weight frequently. (*Id.*) ALJ Knapp explained her conclusion further when she assigned little weight to Dr. Dominic's opinions regarding Lance's abilities to frequently reach, handle, finger, and feel and occasionally push, or pull with his upper extremities. (*Id.* at 659.) ALJ Knapp explained that limitations placed upon Lance's upper extremities are inconsistent with his medical records, which demonstrated no medical issues with his upper extremities, and Dr. Dominic's opinion that Lance may experience neuropathy in his hands in the future did not support any limitations outside of the lifting and carrying restrictions of occasionally lifting or carrying up to twenty pounds and frequently lifting or carrying less than ten pounds – as concluded in ALJ Knapp's residual functional capacity determination. (*Id.* at 657-59.)

As explained above, lack of consistency between a treating source's medical opinion and treatment notes is a "good reason" to assign less than "controlling weight" to the treating source's opinion. As ALJ Knapp acknowledged, the record as a whole contains substantial evidence that is inconsistent with the conclusion that Lance is unable to frequently lift or carry any amount of weight. But not only that, Dr. Dominic's own notes do not support her medical opinion that Lance cannot frequently lift or carry any amount of weight. The whole of Lance's argument before this Court is that ALJ Knapp's opinion that Lance is able to frequently lift or carry less than ten pounds while still assigning strong weight to Dr. Dominic's opinion regarding Lance's ability to lift or carry is internally inconsistent. However, this argument fails to acknowledge the internal inconsistency of Dr. Dominic's own opinion. Dr. Dominic, in one stroke, opines that Lance is unable to lift or carry any amount frequently due to hip pain, foot pain, and peripheral neuropathy

in his lower extremities, and in another stroke acknowledges that Lance can carry small objects and has minimal restrictions to his upper extremities. This inconsistency was recognized, discussed, and aided ALJ Knapp in assigning partial weight to the whole of Dr. Dominic's medical opinion. It is clear from ALJ Knapp's discussion that she took into consideration the entirety of Dr. Dominic's medical opinion, as well as the rest of the record before her, when making her decisions. Lance's assertion that ALJ Knapp's determination is inconsistent and, therefore, incorrect is not well taken.

Therefore, considering the sum of this discussion and Lance's objection, this Court overrules Lance's objection. It is clear that ALJ Knapp's determination to assign partial weight to Dr. Dominic's medical opinion was supported by substantial evidence and was made utilizing the proper legal standards. Specifically, ALJ Knapp articulated "good reasons" to discount Dr. Dominic's opinion regarding Lance's ability to lift and carry. Dr. Dominic's opinion regarding Lance's ability to lift and carry was not supported by the substantial evidence contained in the record as a whole and was inconsistent with her own treatment records and her own medical opinion supplied to ALJ Knapp. The decision to assign strong weight to part of Dr. Dominic's opinion does not undermine ALJ Knapp's conclusion because, besides concluding that Lance is able to frequently lift and carry less than ten pounds, Dr. Dominic's opinion regarding lifting and carrying was followed.

Furthermore, ALJ Knapp did not replace Dr. Dominic's opinion with her own, but rather aligned Dr. Dominic's opinion regarding Lance's ability to lift and carry with the remainder of her medical opinion and the rest of Lance's medical records. Accordingly, ALJ Knapp's decision to assign Dr. Dominic's opinion partial weight, and to conclude that Lance was able to frequently lift or carry less than ten pounds, resulting in the conclusion that Lance was not disabled and could

perform sedentary work, is supported by the substantial evidence contained in the record, as cited to and thoroughly explained by ALJ Knapp, and therefore, no error occurred.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff James P. Lance's objection to the Magistrate Judge's Report and Recommendation is OVERRULED. Therefore, the Magistrate Judge's Report and Recommendation is ADOPTED in full, and the final decision of the Commissioner of Social Security denying Lance's application for Disability Insurance Benefits is AFFIRMED.

IT IS SO ORDERED.

DATE: September 22, 2020  /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT